IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTOS DIAZ | § | |
| | § | |
|    *Plaintiff* | § | |
| | § | |
| VS. | § | Civil Action No. 4:22-cv-04379 |
| | § | |
| THIRD COAST MIDSTREAM, | § | |
| LLC; DAVID COOPER, *individually,* | § | |
| *and as agent, representative, servant,* | § | |
| *employee and/or officer of* | § | |
| THIRD COAST MIDSTREAM, | § | |
| LLC; OCCIDENTAL PETROLEUM | § | |
| CORPORATION; *and* | § | |
| GULF ISLAND WORKS, LLC | § | |
|    *Defendants.* | § | |

## DEFENDANT THIRD COAST MIDSTREAM, LLC'S
## NOTICE OF REMOVAL

Defendant Third Coast Midstream, LLC ("Third Coast") hereby removes the above-captioned matter pursuant to 28 U.S.C. §§ 1441(a) and 1446, and in accordance with Local Rule 81, and respectfully shows the following as grounds for removal:

## BACKGROUND

1. On or about November 11, 2022, Plaintiff filed "Plaintiff's Original Petition" in the State Court Action asserting a claim of negligence based on an alleged injury that took place on a platform fixed to the seabed floor in the Gulf of

Mexico. The case was docketed as *Santos Diaz v. Third Coast Midstream, LLC*, Case Number 2022-74511 in the 113th Judicial District Court, Harris County, Texas.

2. On Friday, November 18, 2022, Plaintiff's Original Petition was served on Third Coast's registered agent, Cogency Global, Inc. *See* **Exhibit A-1.**

3. On Friday, November 18, 2022, Plaintiff's Original Petition was served on Occidental Petroleum Corporation's registered agent, CT Corporation System. *See* **Exhibit A-2.**

4. No other service of process has been filed with the state court and no other defendants have appeared.

5. Defendant Occidental Petroleum Corporation consents to this removal.

## BASIS FOR REMOVAL

6. The State Court Action is properly removed to this Court because (a) this Court has original jurisdiction over the claims that Plaintiff asserts against Defendants pursuant to OCSLA; (b) the other served Defendant, Occidental Petroleum Corporation, consents to this removal; and (c) Third Coast has satisfied the procedural requirements for removal.

7. The claim asserted by Plaintiff stems from an alleged injury that took place on a platform or other installation that is attached to the seabed for the purpose of exploring for, developing, producing, transporting, or transmitting resources in the Outer Continental Shelf ("OCS"). Under the Outer Continental Shelf Lands Act

("OCSLA"), injuries that occur on the OCS fall under federal jurisdiction. 43 U.S.C. § 1333(a)(1)(A).

8. Third Coast will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.[1]

## OTHER PROCEDURAL REQUIREMENTS

9. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within 30 days of Third Coast's receipt of the Plaintiff's Original Petition and associated service of process.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(c) because it was filed within 1 year of Plaintiff's commencement of the action.

11. The United States District Court for the Southern District of Texas includes the county in which the State Court Action is now pending, and thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1446(a).

12. In accordance with 28 USC § 1446 and Local Rule 81, an index of matters being filed has been included with this filing, as well as all executed process (process for Third Coast and Occidental), pleadings (the Plaintiff's Original Petition), the docket sheet (no orders have yet been signed in the state court), and a

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

list of all counsel of record, including addresses, telephone numbers and the parties represented.

13. Pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be served upon Plaintiff's counsel and a copy filed with the Clerk of the 113th Judicial District Court, Harris County, Texas.

## RESERVATION OF ALL RIGHTS AND DEFENSES

14. By virtue of this Notice of Removal, Third Coast does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

## CONCLUSION

15. Third Coast hereby removes this case to this Court, and requests that the Court take jurisdiction over this matter to its conclusion and final judgment in accordance with law.

**December 19, 2022**

*Respectfully submitted*,

**FOGLER, BRAR, O'NEIL & GRAY LLP**

By:  */s/ Michelle E. Gray*
  Michelle E. Gray
  ***Attorney in Charge***
  State Bar No. 24078586
  S.D. Tex. Bar No. 892270
  mgray@foglerbrar.com

Deborah C. Milner
***Of Counsel***
State Bar No. 24065761
S.D. Tex. Bar No. 971677
cmilner@foglerbrar.com

2 Houston Center
909 Fannin Street, Suite 1640
Houston, TX 77002
(713) 481-1010
(713) 574-3224 (Fax)

***Attorneys for Third Coast Midstream, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 19, 2022, the foregoing was served on counsel for all parties of record to this litigation in accordance with Texas Rules of Civil Procedure.

/s/   *Michelle E. Gray*
Michelle E. Gray