EXHIBIT B

Plaintiff's Original Petition

Case 4:22-cv-04379   Document 1-3   Filed 12/19/22 in TXSD   Page 2 of 6

11/11/2022 11:00 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70096519
By: Joshua Hall
Filed: 11/11/2022 11:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| SANTOS DIAZ; § | | IN THE DISTRICT COURT |
| Plaintiff § | | |
| VS. § | | |
| § | | |
| THIRD COAST MIDSTREAM, LLC; § | | |
| § | | _____ JUDICIAL DISTRICT |
| DAVID COOPER INDIVIDUALLY § | | |
| AND AS AGENT, REPRESENTATIVE, § | | |
| SERVANT, EMPLOYEE AND/OR § | | |
| OFFICER OF THIRD COAST § | | |
| MIDSTREAM, LLC; § | | |
| § | | |
| OCCIDENTAL PETROLEUM § | | |
| CORPORATION; § | | |
| § | | |
| AND, § | | |
| § | | |
| GULF ISLAND WORKS, LLC, § | | |
| Defendants § | | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME **SANTOS DIAZ** (Texas DL #xxxxx523) (SS#xxx-xx-x614) (sometimes hereinafter referred to as Plaintiff), complaining of **THIRD COAST MIDSTREAM, LLC** (sometimes hereinafter referred to as Defendant **THIRD COAST**); **DAVID COOPER, INDIVIDUALLY AND AS AGENT, REPRESENTATIVE, SERVANT, EMPLOYEE AND/OR OFFICER OF THIRD COAST MIDSTREAM, LLC** (sometimes hereinafter referred to as Defendant **COOPER**); **OCCIDENTAL PETROLEUM CORPORATION** (sometimes hereinafter referred to as Defendant **OXY**); and **GULF ISLAND WORKS, LLC** (sometimes hereinafter referred to as Defendant **GULF ISLAND**), and for cause of action shows the following:

Page **1** of **5**

## I. DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES AND SERVICE

Plaintiff brings this suit individually.

Defendant, **THIRD COAST MIDSTREAM, LLC** is a corporation licensed to and doing business in the State of Texas which can be served by serving its registered agent for service: **COGENCY GLOBAL, INC., 1601 Elm Street, Suite 4360, Dallas, Texas 75201-3136**.

Defendant, **DAVID COOPER** is an individual who has been served with citation at his place of employment at **1501 McKinney St., Ste. 800, Houston, Texas 77010** or his place of residence, or wherever he may be found.

Defendant, **OCCIDENTAL PETROLEUM CORPORATION** is a corporation licensed to and doing business in the State of Texas which can be served by serving its registered agent for service: **C.T. CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136**.

Defendant, **GULF ISLAND WORKS, LLC** is a corporation licensed to and doing business in the State of Texas which can be served by serving its registered agent for service: **Kirk Meche, 16225 Park Ten Place, Ste. 280, Houston, Texas 77084**.

All parties are Texas citizens.

## III. VENUE

Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because it is the place of headquarters and corporate residence of Defendants Third Coast and Oxy.

## IV.     FACTS/CAUSES OF ACTION/NEGLIGENCE

On or about June 24, 2022, Plaintiff was in the course and scope of his employment with Defendant **GULF ISLAND** and was on a rig owned by Defendant **OXY**. He was replacing a valve/gasket, only after Defendant **THIRD COAST**, by and through their employee and supervisor, Defendant **COOPER,** had assured Plaintiff that the line had been cleared of natural gas.

The accident occurred due to the lack of supervision and the oversight by Defendant **OXY**, who owned the rig, and were and are responsible for safety, and for the procedures used by its hired subs such as Defendant **THIRD COAST**, and its supervisors, employees, including but not limited to Defendant **COOPER**. Each and all were negligent and proximately caused the accident and Plaintiff's injuries and damages.

Although Plaintiff was properly tied off, the explosion shot him out and back repeatedly into the derrick, causing him burns, contusions, and severe and permanent injuries, including a traumatic brain injury which affected his balance, memory, concentration, and decision making and organizational skills.

Plaintiff was told to return back to work or lose his job by Defendant **GULF ISLAND**, and he attempted to go back to work, but due to his severe injuries he struggled doing his job, and was therefore fired by Defendant **GULF ISLAND,** all of which is in violation of Section 451 of the Texas Labor Code and the Work Comp Act.

Plaintiff's injuries and damages were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty.

Each of the above and foregoing acts and/or omissions of Defendants, taken singularly or in combination, constitutes negligence and/or negligence per se which proximately caused Plaintiff's injuries and damages alleged herein.

## V.     DAMAGES

As a direct and proximate result of the accident made the basis of this lawsuit, Plaintiff suffered severe injuries. Additionally, he has incurred the following damages.

(a)     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

(b)     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c)     Physical pain and suffering in the past;

(d)     Physical pain and suffering in the future;

(e)     Mental anguish in the past;

(f)     Mental anguish in the future;

(g)     Impairment;

(h)     Loss wages; and

(i)     Loss of wage earning capacity, all in the past and in the future.

Plaintiff seeks damages in an amount in excess of this court's minimum jurisdictional limits. Pursuant to Texas Rules of Civil Procedure 47(c)(4) Plaintiff seeks monetary relief over $1,000,000.00.

## VI. JURY DEMAND

Plaintiff respectfully requests a trial by jury for which the appropriate fees have been tendered.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendants, for damages in an amount in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
720 W. Broadway Ave.
Portland, Texas 78374
Telephone:   (361) 643-9200
Facsimile:    (361) 643-9600
**E-service address:** eservice@tinninglaw.com *
*E-service is only accepted at the above-designated e-service email address.*

By: *William J. Tinning*
William J. Tinning
State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFF**